

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. WR-87,818-01

### IN RE STATE OF TEXAS EX REL. WESLEY MAU, HAYS COUNTY CRIMINAL DISTRICT ATTORNEY, Relator

**v.**

### THIRD COURT OF APPEALS, Respondent

### ON PETITION FOR WRIT OF MANDAMUS
### FROM HAYS COUNTY

ALCALA, J., filed a concurring opinion in which HERVEY and NEWELL, JJ., joined.

### CONCURRING OPINION

Although I agree with the portions of this Court's majority opinion's analysis in sections II-B and II-C, I respectfully disagree with the remainder of its analysis in section II-A. I do not join the Court's analysis in section II-A because that analysis is unnecessary to the resolution of this case and, therefore, constitutes an advisory ruling that is inappropriate

for an opinion granting mandamus relief. I, therefore, respectfully concur in this Court's judgment because I agree with its reasoning only in part.

Under mandamus review that is an extraordinary remedy for violations of ministerial duties, courts should not create new legal standards. It is an elementary proposition that a court need not issue an opinion fully explaining its reasons for declining to grant a request for mandamus relief—rather, it is enough for a court to conclude that the relator has failed to show he has a clear right to the particular relief sought. *See In re State ex rel. Weeks*, 391 S.W.3d 117, 122 (Tex. Crim. App. 2013). Thus, a court should limit its written opinions to grants of mandamus relief that do not create new legal standards and the rationale underlying those decisions. That is precisely what this Court properly does in sections II-B and II-C. But this Court strays from that principle in section II-A, which unnecessarily creates new law while explaining its reasons for denying mandamus relief under an alternative theory that this Court rejects, and which is entirely irrelevant to this Court's decision to grant mandamus relief under the other sections.

In section II-A of its analysis, this Court's majority opinion explains that it is declining to grant mandamus relief with respect to relator's request to compel an assessment of punishment by the jury in this case. The majority opinion explains that it is declining to grant that particular type of relief because the law is unclear with respect to whether the State is entitled to insist on a jury assessment of punishment in this misdemeanor prosecution. It is unnecessary, however, for this Court to reach that substantive question at this juncture

because, by virtue of the Court's decision to grant another form of mandamus relief in Sections II-B and II-C—compelling the trial court to rescind its order deferring adjudication of guilt and ordering it to enter judgment on the verdict—this case will necessarily be returned to the trial court for a forthcoming assessment of punishment. At this stage, the trial judge cannot be said to have violated any ministerial duty with respect to the new assessment of punishment that has yet to occur. It is thus premature to consider whether, going forward, relator is entitled to insist upon jury sentencing upon this case being returned to the trial court. In sum, in light of the Court's decision to grant mandamus relief in sections II-B and II-C, it is unnecessary for this Court to address the issue in section II-A with respect to relator's right to compel jury sentencing in this case. Only the discussion in sections II-B and II-C is necessary for this Court's decision to grant relief.

By issuing this opinion that includes the analysis in section II-A, this Court creates law where there is none. This Court observes that, "on their faces, neither Article 37.07 nor Article 26.14 seems to mandate that only one entity or the other—judge or jury—should assess punishment in this context." This Court also notes that "*Tharp*, likewise, does not expressly control." These statements lead to this Court's determination that mandamus relief is inappropriate to compel the trial court to empanel a jury to assess punishment here. But, in the context of this case where the Court is granting relator another form of mandamus relief which effectively restores the case to a procedural posture at which the formal assessment of punishment has yet to occur, the Court need not delve into that substantive

question. "[A] mandamus proceeding is not the appropriate place to interpret statutory language, clarify this Court's precedent, or create law where there is none." *In re Allen*, 462 S.W.3d 47, 53 (Tex. Crim. App. 2015). Because this Court creates law where there is none, these statements are immaterial to this mandamus action and are thus advisory and improper.

For these reasons, I respectfully concur in this Court's judgment.

Filed: October 31, 2018

Publish